UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GLEASON,<br><br>    Plaintiff,<br><br>v.<br><br>D. WISE, et al.<br><br>    Defendants. | No. 2:18-cv-0764-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court previously found that plaintiff's complaint impermissibly attempted to join multiple unrelated claims against more than one defendant. ECF No. 11. Accordingly, the complaint was dismissed with leave to amend. *Id.* Plaintiff has now filed an amended complaint (ECF No. 17) which the court must screen.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Plaintiff's amended complaint has not addressed the deficiency that led the court to dismiss its predecessor – it still contains multiple, unrelated claims against more than one defendant. Additionally, the claims are insufficiently plead insofar as they lack factual context.

First, plaintiff alleges that, in February of 2018, defendant Wise ordered his subordinates not to allow plaintiff access to the law library. ECF No. 17 at 6, 9. Plaintiff does not state how long this denial of access persisted or whether he suffered some litigative prejudice as a result thereof. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that, to establish a colorable claim premised on law library access an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").

/////

Second, plaintiff claims that, in March of 2018, defendant Martinez ordered his subordinates to restrain plaintiff and transport him to segregated housing. *Id.* at 5, 9. Plaintiff appears to allege that Martinez's actions were undertaken in retaliation, though the precise motive attributed to Martinez is never explicitly stated. Regardless, plaintiff alleges that Martinez's actions were a violation of his constitutional rights. *Id.* at 9.

Third, plaintiff claims that defendant Scotland interfered with his First Amendment right to send and receive prison mail. *Id.* at 5, 9. He alleges that Scotland opened confidential letters which he had mailed to the associate warden. *Id.* at 5. In light of the allegation that these letters were mailed to the associate warden, they are not "legal mail" and plaintiff's constitutional rights were not violated by Scotland's opening of the letters outside plaintiff's presence. *See, e.g., Hall v. Pelican Bay State Prison*, 2014 U.S. Dist. LEXIS 123451, 2014 WL 4364856, at *4 (N.D. Cal. Sept. 3, 2014) ("Only mail from [inmate's] own attorney (and not mail from opposing counsel or from a public agency or court) would be [defined as] confidential legal mail.").[1]

Fourth, plaintiff alleges, that in May of 2018, defendant Torres ordered two of his subordinates to transport plaintiff to "suicide watch." *Id.* at 6, 8. Torres' motivation is never explicitly alleged in the complaint. Plaintiff appears to suggest that the transfer was linked to his invocation of his right to refuse medical treatment, though he never elaborates on what treatment was refused. *Id.* at 6.

Fifth, plaintiff claims that defendant Mayers also (separately from the first cause of action) denied him access to the prison law library. *Id.* at 10. The complaint does not allege when this denial of access occurred, how long it persisted, or whether plaintiff's litigative efforts were prejudiced thereby.

Sixth, plaintiff alleges that defendant Bayoneta retaliated against him in November of 2017. *Id.* at 7, 10. His claims against this defendant are not comprehensible, however. They

---

[1] Prison officials have an obvious security interest in screening letters sent by inmates to prison supervisors. Thus, even if plaintiff's letters to the associate warden are classified as "outgoing mail" – and it is unclear whether intra-prison mail should be so classified – the court finds that the practice of opening that mail prior to delivery meets the requirements of being closely related to a legitimate penological interest.

reference being late to a prison job assignment and the vague assertion that "Solano Prison has [a] pattern or practice of certain criminal acts." *Id.* at 7. The court is unable to discern what actions Bayoneta allegedly took or how those actions are alleged to have been retaliatory.

The court has already given plaintiff one opportunity to amend his complaint. The amended complaint, as noted in the foregoing description of plaintiff's claims, did not meaningfully address the deficiencies the court identified in the initial complaint. And this circuit has held that repeated failures to cure deficiencies by amendments previously allowed is a valid reason to deny further leave to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-810 (9th Cir. 1988). Accordingly, the court recommends that plaintiff's complaint be dismissed without leave to amend.

<u>Conclusion</u>

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 17) be DISMISSED without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4